IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYMOND McCLUSTER,

    Plaintiff,

vs.                                      Case No. 4:11cv357-MP/WCS

WALTER A. McNEIL,
SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
and FLORIDA PAROLE COMMISSION,

    Defendants.

                                        /

## REPORT AND RECOMMENDATION

This case was transferred to this Court on July 27, 2011, from the Southern District of Florida. Doc. 39. When transferred, a motion to dismiss filed by the Florida Parole Commission was pending. Doc. 16. The report and recommendation, doc. 30, entered by Magistrate Judge P.A. White only recommended transferring this case on motion from Defendant McNeil, and stated that the motion to dismiss would be "transferred with this case to the Northern District, and considered dismissed as moot only in the Southern District." Doc. 30, p. 3. Plaintiff, who is a *pro se* prisoner, has filed

a response to the motion to dismiss. Doc. 19. This report and recommendation is entered only on the motion to dismiss, doc. 16.

**Allegations of the Complaint, doc. 1**

Plaintiff brought a civil rights action under 42 U.S.C. § 1983 challenging the calculation of his sentence by the Florida Department of Corrections and Florida Parole Commission. Plaintiff contends that FLA. STAT. § 921.22 is unconstitutional as applied and he claims he has been held in custody longer than the maximum period provided for the offense. *Id.*, at 4-5. Plaintiff contends that his life sentence has wrongfully been calculated by the Defendants, who improperly used an incorrect matrix time range to calculate his tentative release date.[1] *Id.*, at 5-6. Plaintiff asserts that his matrix range should "be 300-400 months or 33.4 years," and that should define the length of his life sentence. *Id.*, at 5. Thus, Plaintiff argues that his imprisonment was complete after he served 400 months. *Id.* Plaintiff also alleges that his current tentative release date is "99/98/9999" which Plaintiff contends exceeds the statutory sentence maximum of life. *Id.*, at 6-7. As relief, Plaintiff seeks declaratory and injunctive relief, and "the immediate release without parole or other supervision from the custody of Defendant where illegally detained in excess [of] the exact period of imprisonment as defined and determined pursuant to 921.22, Fla. Stat." *Id.*, at 8.

---

[1] Attached to the complaint is a Florida Parole Commission Review Request which states that Plaintiff's presumptive parole release date was established on October 10, 2006, to be July 28, 2018. Doc. 1, p. 14. Plaintiff's subsequent parole interview was to be held in April, 2011. *Id.*

Case No. 4:11cv357-MP/WCS

**Motion to Dismiss, doc. 16**

The Florida Parole Commission seeks dismissal on the basis that Plaintiff's claims are barred by the Eleventh Amendment, the doctrine of absolute judicial immunity, that the Commission is not a "person" for purposes of § 1983, and the complaint fails to state a claim. Doc. 16, pp. 2-3. The Commission also asserts that Plaintiff was convicted of second degree murder on March 6, 1975, and was sentenced to life in state prison. *Id.*, at 2, *citing* Ex. B. Plaintiff was released on parole on July 10, 1984, but he violated the terms of his parole and was returned to prison on April 16, 1993. *Id.* Plaintiff was released on parole for the second time on June 10, 2003, but was returned to prison for violating his parole on November 21, 2005. *Id.* Further, the Commission asserts that Plaintiff challenge to § 921.22 is irrelevant because that statute is not applicable to his sentence. *Id.*, at 11-12.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

**Analysis**

The Parole Commission has asserted that Plaintiff has failed to state a claim upon which relief may be granted. Doc. 16. That conclusion is correct, although the court reaches that conclusion for another reasons. It is well established that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' " Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005), *citing* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Heck v.

Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In Preiser v. Rodriguez, the Supreme Court observed that historically, a writ of habeas corpus is the "specific instrument to obtain release from [unlawful] confinement." Preiser, 411 U.S., at 486, 93 S.Ct. 1827. The Court held that despite the "broad language of § 1983," and the fact that a claim may come within the "literal applicability of its terms," when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500, 93 S.Ct. at 1841.

Cases following Preiser have provided more clarification, but have not altered that basic premise that release from prison is a remedy exclusively reserved for habeas proceedings. Wolff v. McDonnell, *supra*, elaborated on the premise by holding that prisoners could not use § 1983 to seek restoration of gain time forfeited through prison disciplinary proceedings, although § 1983 *could* be used to challenge the procedures used in those proceedings. In Heck v. Humphrey, *supra*, the Court held that a § 1983 claim for monetary damages could not proceed if the claim "necessarily demonstrates the invalidity of the conviction." The Court's decision in Edwards v. Balisok, *supra*, was an extension of Heck, holding that a challenge to a prison disciplinary proceeding that resulted in the loss of gain time could not proceed if success for the prisoner would necessarily imply the invalidity of the punishment imposed.

In 2005, the Court considered challenges to Ohio's parole procedures by state prisoners seeking declaratory and injunctive relief in Wilinson v. Dotson, *supra*. Both

William Dotson and Rogerico Johnson challenged parole decisions to not consider them again for parole for five more years due to parole guidelines issued after the prisoners had already begun serving their sentences.  Wilkinson, 544 U.S. at 76-77, 125 S.Ct. at 1245-46.  The prisoners sought a declaration that the parole guidelines were unconstitutional and an injunction that would require an immediate parole hearing in accordance with the parole laws in effect when the prisoners committed their offenses.  *Id.*, at 77, 125 S.Ct. at 1245.  The Court concluded that the claims were cognizable under § 1983 and did not have to be brought in a habeas petition as neither prisoner sought "an injunction ordering his immediate or speedier release into the community."  *Id.*, at 82, 125 S.Ct. at 1248.

Wilkinson is distinguishable from the case at bar.  Here, Plaintiff challenges the calculation of his sentence length and specifically seeks immediate release from prison.  This claim is squarely foreclosed by Preiser as Plaintiff is challenging the "duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment . . . ."  411 U.S. at 500, 93 S.Ct. at 1841.  Plaintiff is not entitled to such relief in a § 1983 action and the motion to dismiss should be granted.

In light of this conclusion, there is no need for this case to continue as to Defendant McNeil.  The claims are insufficient to state a claim as to both Defendants.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 16, filed by the Florida Parole Commission be **GRANTED** as Plaintiff has failed to state a claim upon which relief may be granted, and that this case be

**DISMISSED** as Plaintiff's claims are barred by Preiser and Heck, and it is further

**RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   **IN CHAMBERS** at Tallahassee, Florida, on August 11, 2011.


   S/   William C. Sherrill, Jr.
   **WILLIAM C. SHERRILL, JR.**
   **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**