**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


RAYMOND McCLUSTER,

      Petitioner,

v.                                        CASE NO. 4:11cv357-MP-WCS

WALTER A. McNEIL, Secretary,
Florida Department of Corrections, and
FLORIDA PAROLE COMMISSION,

      Respondents.

_____/

## O R D E R

      This matter is before the Court on petitioner's Motion for Relief from Judgment pursuant to Rule 60(b).  (Doc. 44).  Petitioner seeks relief from the court's order and final judgment dismissing his civil rights complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any [ ] reason that justifies relief."  Fed. R. Civ. P. 60(b).  However, "relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and "absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Even when such circumstances exist, "whether to grant the requested relief is a matter for the district court's sound discretion."  *Mock v. Bell Helicopter Textron, Inc.*, 373 Fed. Appx. 989, 991 (11th Cir. 2010).

      Petitioner has failed to show any exceptional circumstances that would justify relief under Rule 60(b)(6).  Rule 60(b) is not intended to be a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress-up arguments that previously failed.

Accordingly, it is now **ORDERED** as follows:

1.      Petitioner's motion for relief from judgment (doc 44) is DENIED.

**DONE and ORDERED** this 12th day of December, 2011.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**